UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK JOSEPH HARRIS, Jr.,

    Petitioner,        Case Number 2:21-CV-12939
                         HONORABLE DENISE PAGE HOOD

v.

JOHN CHRISTIANSEN,

    Respondent.

_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Frederick Joseph Harris, Jr., ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his 2011 conviction out of Allegan County for being a fourth felony habitual offender, Mich. Comp. Laws § 769.12, his underlying felony convictions of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and felony firearm, Mich. Comp. Laws § 750.227B.

This Court finds that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A) and

1

orders the Clerk of the Court to transfer the case to the Court of Appeals so that petitioner may seek permission to proceed.

## I. Background

Petitioner previously filed a habeas petition in federal court, challenging the same convictions and sentences, which was denied on the merits by the Honorable George Caram Steeh. *Harris v. Barrett*, No. 2:13-CV-14647, 2014 WL 2804281 (E.D. Mich. June 20, 2014).

Petitioner in the current conviction challenges the validity of his habitual offender conviction, claiming that his 2011 conviction had been improperly enhanced with a 1986 conviction for assault with a dangerous weapon, which petitioner claims was reversed or vacated.  Petitioner claims that the remaining criminal convictions that were used to enhance his sentence were invalid because he had been pardoned for these crimes by Governor John Engler.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his conviction 2011 conviction for assault with intent to do great bodily harm, felon in possession of a firearm, and felony-firearm.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the

2

district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the

district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.")

Petitioner did not specifically challenge the validity of his habitual offender conviction in his prior habeas petition. However, petitioner could have raised a challenge to the validity of his habitual offender conviction in his prior habeas petition. Petitioner's current petition, in which he challenges his habitual offender conviction is a successive habeas petition within the meaning of § 2244(b)(3)(A), because the habitual offender conviction arises out of the same judgment as the underlying convictions which he previously challenged. *See Broadus v. Jones*, 414 F. App'x 149, 151-52 (10th Cir. 2011).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## III. <u>ORDER</u>

It is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and the Motion for Relief from Judgment (ECF No. 4) is DENIED as MOOT. This action is designated CLOSED on the Court's docket.


s/Denise Page Hood
DENISE PAGE HOOD
Dated:  March 30, 2022           United States District Judge

5